## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ANDRE MAURICE CARSTARPHEN, JR., ) | |
| AIS # 302920 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 24-0007-KD-N |
| ) | |
| LEVEL REYNOLDS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT & RECOMMENDATION

Plaintiff Andre Maurice Carstarphen, Jr. ("Carstarphen"), filed this action under 42 U.S.C. § 1983, on December 28, 2023, while detained at Mobile County Metro Jail.[1] (Doc. 1 at 10). Carstarphen, proceeding without an attorney, asserts allegations of constitutional violations against several officers and staff of Mobile County Metro Jail, for incidents which occurred on July 7, 2021, December 9, 2022, and July 17, 2023. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b). Before the Court is Carstarphen's Amended Complaint, which he filed at the Court's directive. (*See* Doc. 15).

After review of the Amended Complaint and for the reasons stated in this report, it is **RECOMMENDED** that the claims related to the July 7, 2021 incident, be **DISMISSED** from this action, pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(i).

**I.      Standard of Review**

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

Because Carstarphen is a prisoner who has filed suit against government officials, his complaint is due to be screened or reviewed under 28 U.S.C. § 1915A and will be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b)(1), (2); *see also* § 1915(e)(2)(B)(i)-(ii). Dismissal for these causes is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint . . . ."). A claim is frivolous under § 1915A(b)(1) "when it appears the plaintiff has 'little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," or when its "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pertinent here, a claim is frivolous as a matter of law if it is barred by the statute of limitations. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

**II.    Discussion.**

It is clear from the face of Carstarphen's § 1983 complaint, his claims related to the July 7, 2021 incident are barred by the applicable two-year statute of limitations. The law is well settled that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985)). Carstarphen's complaint was filed in Alabama, where the governing limitations period is two years. *See* Ala. Code § 6–2–38. Therefore, to have his claim heard, Carstarphen was required to bring it within *two years* from the date that the limitations period began to run. "'[T]he statute of limitations does not begin to run until the facts which

would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *McNair*, 515 F.3d at 1173 (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

In his complaint, Carstarphen alleges that on July 7, 2021 he was stabbed by another inmate at Mobile County Metro Jail. Carstarphen claims that his constitutional rights were violated by Defendants Warden Price, Sergeant Omezi (or Omega), Captain Stallworth, and Sergeant Henderson because they failed to protect him, failed to intervene, failed to report the incident, and failed to get him medical treatment. (Doc. 15 at 5). Based on the date of this attack, Carstarphen was required to bring all claims related to it on or before July 7, 2023. Yet, Carstarphen did not file the present action until December 2023. (Doc. 1). Over five months after the statute of limitations period had run. Notably, there are no facts here which indicate that he was unable to bring this claim earlier or that he was unaware of his claim until now.[2] Accordingly, Carstarphen's § 1983 claim, as it relates to the July 7, 2021 incident, is untimely.

The Court notes that Carstarphen's claims related to the December 9, 2022 and July 17, 2023 are timely. These two claims will proceed in this action.

Also, because a party may generally amend his pleading once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a responsive pleading,

---

[2] Indeed, the opposite is true. Carstarphen previously mentioned this attack in a complaint he filed with this Court in October 2022. (*See* 22-cv-412-JB-N; Doc. 1 at 15; Doc. 6-1; Doc. 9 at 4-6). In that case, the Court advised Carstarphen that he potentially had a claim related to the July 7, 2021 incident and instructed Carstarphen on the elements he needed to establish claims related to the attack; the Court further gave him an opportunity to amend his complaint to state a claim connected to the July 7, 2021 (and December 9, 2022 and July 17, 2023) attack(s) at Mobile County Metro Jail. (*See* 22-cv-412-JB-N; Doc. 10 at 7-11). However, Carstarphen failed to comply with the Court's order. In fact, the amended complaint he filed in 22-cv-412-JB-N did not discuss the attacks at all and asserted no allegations related to the attacks. (*See* 22-cv-412-JB-N; Doc. 14). This case was later dismissed without prejudice on November 9, 2023 for failure to state a claim. (*See* 22-cv-412-JB-N; Doc. 20).

Fed. R. Civ. P. 15(a)(1), a prisoner will usually be given an opportunity to amend his complaint. *Dollar v. Coweta Cty. Sheriff Off.*, 446 F. App'x 248, 250 (11th Cir. 2011) (per curiam). However, if amendment would be futile, a court may deny leave to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). Such is the case here. As discussed above, Carstarphen's claim is plainly barred by the two-year statute of limitations. Thus, any amendment would be futile, and Carstarphen should not be granted leave to amend.

### III.    Conclusion.

For the foregoing reasons, it is recommended that the July 7, 2021 claim be **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(i). All other claims shall proceed against the defendants.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In

the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this the **10th** day of **April**, **2024**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**