IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE MAURICE CARSTARPHEN, JR. | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIV. ACTION NO. 1:24-0007-KD-N ) |
| LEVEL REYNOLDS, *et al.*, | ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Andre Maurice Carstarphen, Jr., filed this action, without an attorney (*pro se*), under 42 U.S.C. § 1983, alleging violations of his constitutional rights during his confinement at Mobile County Metro Jail ("Metro Jail" or "the Jail"). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R) and is now before the Court following the undersigned's notification of intent to recommend summary judgment for the remaining defendant pursuant to Fed. R. Civ. P. 56(f)(3). After a thorough review of the record and having no objections filed to the Court's Notice to Recommend Summary Judgment in favor of Defendant Lieutenant Level Reynolds, the undersigned now recommends to the presiding District Judge that summary judgment be granted, *sua sponte*, in favor of Defendant Lieutenant Level Reynolds.

Plaintiff, in his operative complaint (Doc. 15), asserted allegations against Defendants Warden Noah Price Oliver,[1] Sergeant Donnell Carter, Officer Quedarius Brown, Lieutenant

---

[1] In his complaint, Plaintiff identifies the Warden of Mobile County Metro Jail as Warden Noah Price. (*See* Doc. 15). In answering this suit and filing a special report, Defendants have identified the former Warden of Mobile Metro as "Noah Price Oliver, III." (*See* Docs. 38, 44).

Level Reynolds, and Dr. Ronald Perdue for alleged constitutional violations related to incidents which occurred on December 9, 2022 and July 17, 2023. Pertinent here, are the claims related to the December 9, 2022 incident, where Plaintiff was attached by another inmate and suffered a herniated disc in his neck and a skull fracture. (Doc. 15, PageID.125). In his complaint, Plaintiff claims he was refused medical care by Dr. Perdue, including missing two follow up appointments at USA Medical Center for his injuries and a follow up appointment in April 2023, which caused his neck to be "permanently crooked," *Id*., PageID.125-26.  He further challenges that Dr. Perdue took away his neck brace and released from the Jail infirmary before he was fully healed and that Lieutenant Level Reynolds (knowing the lack of security in general population) told doctors and nurses to put him back in general population. *Id*., PageID.126-27. He further claims that Lieutenant Reynolds did nothing about the inmate attack incident, "not so much as a report," despite that Plaintiff informed Detective Henderson that he wanted to press charges against the attacker(s). *Id*.; PageID.125.

Defendants, with the exception of Lieutenant Level Reynolds, were served with the suit, and answered the allegations asserted against them. (*See* Docs. 19-20, 22-25, 29-32, 36, 40, 44). The defendants, with the exception of Lieutenant Level Reynolds, also submitted a special report in response to the allegations asserted against them (*See* Docs. 38, 41). The Court converted the defendants' answers and special reports into a motion for summary judgment (Doc. 49), and on June 3, 2025, the undersigned entered a report and recommendation granting summary judgment be granted in favor of Defendant Dr. Ronald Perdue and denied summary judgment as to the remaining defendants. (Doc. 53). The report, also, notified Plaintiff, pursuant to Rule 56(f)(3) of

---

For this reason, the Clerk is **DIRECTED** to correct the docket sheet to reflect the correct name the defendant to Warden Noah Price Oliver, III.

the *Federal Rules of Civil Procedure*, of the Court's intent to recommend summary judgment in favor of the unserved defendant, Lieutenant Level Reynolds, on all claims raised against him. (Doc. 53, PageID.801-03).

The Court explained in its report that the record reflected that Plaintiff Carstarphen failed to show that a genuine issue of material fact existed as to the actions taken in response to the attack. (*Id*., PageID.780, 801). Indeed, the record confirmed a disciplinary action was initiated following the incident; Deputy Henderson investigated the incident; a warrant issued for the inmate attacker; however, the warrant was subsequently redacted after the inmate attacker's death. (*Id*., PageID.780). Moreover, Plaintiff's claim that Lieutenant Reynolds was liable for the premature removal of his cervical collar and release from the medical wedge into general population was nearly identical to or directly related to the claims and allegations made against Dr. Perdue, who was granted summary judgment and dismissed from this lawsuit. (*Id*., PageID.801-02). The report further discussed the evidence confirming that at the time Plaintiff Carstarphen was moved from the medical wedge to general population and his neck brace was removed, he had no objectively serious medical need, and no objective testing or subjective examination revealed a reason for Carstarphen to continue wearing a neck brace. (*See Id*., PageID.794-95). Stated another way, Carstarphen has not shown that he faced a known substantial risk of serious harm by being placed in general population. Specifically, he put forth no allegations that he had enemies in general population, that he feared for his safety at the time he was released to general population, or, most importantly, that he had informed Lieutenant Reynolds of any fear for his safety. Accordingly, the record lacks any evidence of deliberate indifference on the part of any individual for the removal of Carstarphen's neck brace and transfer to general population in April of 2023.

Carstarphen has presented no additional allegations nor provided any differing facts as to his claims against Defendant Lieutenant Reynolds as to those against Dr. Perdue. Thus, the Court maintains that its findings of facts and conclusions of law regarding the claim presented against Dr. Perdue regarding the release of Carstarphen into general population would be essentially identical to those of Defendant Lieutenant Reynolds. Plaintiff Carstarphen was notified of the Court's intention to recommend summary judgment in favor of Defendant Lieutenant Reynolds, and its reasoning for so doing. Plaintiff was instructed that he had fourteen days to object to the report and recommendation or the undersigned would recommend to the District Judge that summary judgment be granted in favor of Defendant Lieutenant Level Reynolds, and a final judgment be entered in this case without trial.

The District Judge adopted the report and recommendation on July 7, 2025 (Doc. 54), and to date, Plaintiff Carstarphen has made no objections to the report and recommendation, including the notification to enter summary judgment in favor of Defendant Lieutenant Reynolds.

Therefore, with no objections having been made to the June 3, 2025 report and recommendation, the undersigned hereby incorporates by reference and adopts the analysis of the previous report and recommendation (Doc. 53) and **RECOMMENDS** that pursuant to Rule 56(f)(3) of the *Federal Rules of Civil Procedure* summary judgment be entered in favor of **Defendant Lieutenant Level Reynolds** and that Plaintiff Carstarphen's claims against him be dismissed.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **27th** day of **August**, **2025**.

                                        **/s/ KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**