## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDRE MAURICE | ) | |
| CASTARPHEN, JR., | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACTION NO. 1:24-0007-KD-N |
| | ) | |
| QUEDARIUS BROWN, | ) | |
| et al., | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Andre Maurice Carstarphen, Jr.,, an Alabama prisoner proceeding *pro se* and *in forma pauperis*, brought this civil action asserting claims under 42 U.S.C. § 1983. After the Defendants filed their Answers and Special Reports as ordered, the undersigned converted those filings into a motion for summary judgment under Federal Rule of Civil Procedure 56 and set deadlines for briefing. (*See* Doc. 49). On July 7, 2025, the Court, adopting the recommendation of the undersigned, denied summary judgment on Carstarphen's claims as to the following:

- Excessive force claims against Officer Quedarius Brown and Sergeant Donnell Carter. (Doc. 53, PageID.796; Doc. 54, PageID.805).

- Supervisory liability against Warden Noah Price Oliver. (Doc. 53, PageID.799; Doc. 54, PageID.805).

Upon consideration of this action as it currently stands, the undersigned has determined that the appointment of counsel would advance the proper administration of justice. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an

attorney to represent any person unable to afford counsel."); *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 (11th Cir. 2013) (per curiam) ("While no single factor requires appointment of counsel, in the aggregate, this case presents exceptional circumstances that necessitate appointment of counsel."); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (setting forth factors for guidance in determining if exceptional circumstances warrant appointment of counsel.). The undersigned finds, in light of the summary judgment order identified above, that exceptional circumstances exist for appointment of counsel. Specifically, Carstarphen is indigent and currently incarcerated, and the evidence at trial will consist—in significant part—of conflicting testimony that will require the skill of counsel in the presentation of evidence as well as in cross-examination. Appointment of counsel will also assist the efficient conduct of discovery for the remaining claims.

As such, it is **ORDERED** that, N. Stewart Hanley, Esq., an attorney in Mobile, Alabama, who is duly licensed to practice in this Court, is hereby **APPOINTED** to serve as counsel for Carstarphen in this action for all further district court proceedings in this civil action through entry of final judgment.

The Court will not pay appointed counsel's attorney fees in connection with this appointment. Instead, entitlement to attorneys' fees in this action will be based on statute and/or the terms of any settlement agreement. However, by standing order, this Court has created a Special Attorney Admissions Fund for "[r]eimbursement of pro bono counsel for out-of-pocket expenses, payment of compensation to pro bono counsel, and payment of witness fees and other expenses

on behalf of indigent *pro se* civil litigants." *See* S.D. ALA. Standing Order No. 16, Attached Plan for the Administration of the Special Attorney Admissions Fund, ¶ 5.F. *See also* S.D. Ala. CivLR 67.1(a) ("The Special Attorney Admission Fund . . . shall be maintained by the Clerk to compensate appointed counsel in civil rights actions for reasonably incurred expenses authorized by prior order of the Judge to whom the action is assigned. Compensation from the Fund is not authorized for attorney's fees or for expenses for which any other source of payment exists"). S.D. Ala. Civil Local Rule 67.1(c)-(d) provides the procedure for requesting and receiving payment from the Special Attorney Admissions Fund. Additionally, before coming out-of-pocket to pay expenses for this litigation, counsel must seek pre-approval of all expenditures for which he will seek reimbursement from this Court.

The Clerk of Court is **DIRECTED** to mail a copy of this order to Carstarphen at his address of record.

**DONE** and **ORDERED** this 21st Day of January, 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**