**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANDRE M. CARSTARPHEN, JR.** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No. 24-cv-0007-KD-N** |
| | ) | |
| **QUEDARIUS BROWN,** | ) | |
| **DONNELL CARTER,** | ) | |
| **NOAH OLIVER PRICE,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on Defendant Noah Price's motion for summary judgment and exhibits. (Docs. 76, 77).[1] Upon consideration, and for the reasons set forth herein, summary judgment is **GRANTED**.

## I. Procedural History

Carstarphen, proceeding *pro se*, filed an actionable Complaint (Doc. 15) with the Court, asserting causes of action against Defendants Seargeant Donnell Carter, Officer Quedarius Brown, Warden Noah Price, Dr. Ronald Perdue, and Lieutenant Level Reynolds, pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the Fourteenth Amendment of the United States Constitution. (Doc. 15).

In response to the Complaint, Defendants Price, Brown and Carter filed a Special Report containing affidavits from the officers involved with the excessive force claim, narrative incident reports, a disciplinary report, and an offense report. (Doc. 38). Dr. Perdue filed a special report with a number of healthcare professionals' affidavits and Carstarphen's medical records. (Doc. 41). Perdue, Price, Brown, and Carter filed answers to the complaint. (Docs. 40, 44). The Magistrate

[1] Carstarphen did not file a response to Price's motion for summary judgment (Doc. 77).

Judge converted all Defendants answers and special reports (Docs. 38, 40, 41, 44) into a motion for summary judgment. (Doc. 49). The Magistrate Judge issued two Reports and Recommendations on the summary judgment motion, recommending the claims against Defendants Perdue and Reynolds be dismissed with prejudice and summary judgment for Defendants Carter, Brown, and Price be denied. (Doc. 53, 55). The Court adopted both Reports and Recommendations. (Docs. 54, 56).

The Court then appointed Carstarphen counsel to assist in the subsequent discovery and presentation of evidence. (Doc. 57). At the close of discovery, Defendants Carter, Brown, and Price again moved for summary judgment. (Docs. 76–78). Carstarphen responded to only Carter's and Brown's motion. (Doc. 82). Price filed a reply. (Doc. 83). Price's motion is now ripe for consideration.

**II. Standard of Review**

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome" of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a genuine dispute of material fact exists. Id.

Defendant, as the party seeking summary judgment, bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

demonstrate the absence of a genuine issue of material fact." Clark, 929 F.2d at 608 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); see also Fed. R. Civ. P. 56(c)(1)(A). If the nonmovant bears the burden of persuasion at trial, the movant may also make a prima facie showing of summary judgment by demonstrating that the nonmovant's evidence is insufficient to establish an essential element of its claim. Grange Mut. Cas. Co. v. Slaughter, 958 F.3d 1050, 1057 (11th Cir. 2020); Fed. R. Civ. P. 56(c)(1)(B).

If the movant meets its burden under Rule 56(c), summary judgment will be granted unless the nonmovant offers some competent evidence that could be presented at trial showing that there is a genuine dispute of material fact. Celotex, 477 U.S. at 324. If the movant met its burden by pointing "to specific portions of the record ... to demonstrate that the nonmoving party cannot meet its burden of proof at trial," the nonmovant must "go beyond the pleadings" to designate specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(e).

When assessing a summary judgment motion, the court's function is not to make "credibility determinations" and "weigh the evidence." Anderson, 477 U.S. at 248. Instead, the court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011). Thus, summary judgment is only proper when a movant shows that no reasonable jury could find for the nonmovant—even when the evidence and inferences are drawn in the nonmovant's favor.

**III. Discussion**

The Magistrate Judge's Report and Recommendation on the initial summary judgment motion (Doc. 53) accurately sets forth the factual allegations pertinent to this litigation, so there is no need to repeat them here. In sum, Carstarphen alleges that Brown, at the direction of Carter,

tased Carstarphen to the point of extreme agony while Carstarphen was complying with the officers' orders and was handcuffed behind his back. (Doc. 15 at 5). Additionally, he alleges that Brown and Carter did not perform a body chart on him after the incident and he did not receive any medical attention. (Id.). Carstarphen also believes that Reynolds and Perdue denied him access to medical care in several ways after he was injured by other inmates. (Id.). He claims that Price is responsible, under a supervisory liability theory, for the alleged constitutional deprivations of Carter, Brown, Reynolds, and Perdue. (Id. at 6–7).

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates based on a theory of respondeat superior or vicarious liability." Roy v. Ivy, 53 F.4th 1338, 1352 (11th Cir. 2022). Instead, to hold a supervisor liable, "the plaintiff must show: (1) that the supervisor personally participated in the alleged unconstitutional conduct; or (2) there was a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id.; see also Keith v. DeKalb Cnty., 749 F.3d 1034, 1047–48 (11th Cir. 2014). As the Eleventh Circuit has explained:

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

DeKalb Cnty., 749 F.3d at 1048 (cleaned up).

"The deprivations that constitute widespread abuse . . . must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Id. (quotation marks omitted).

Initially, the Magistrate Judge did not recommend summary judgment on the claims asserted against Price because the Defendants had not addressed them. (Doc. 53 at 25). But the Magistrate Judge warned Carstarphen that his complaint fell "vastly short" of the standard required

to hold a supervisor liable under §1983. (Doc. 53 at 26). At the time, Carstarphen had failed to demonstrate that "Mobile Metro is/was a jail where 'violence and terror reign' and that Warden Price knew it and failed to respond reasonably to the risk." (Doc. 53 at 26).

Since that initial summary judgment determination (Doc. 53), Carstarphen has not pointed to any additional information or produced any records in support of his allegations against Price. In his deposition, Carstarphen stated that he believed there were incidences of excessive force at the jail that he witnessed, but he could not remember exact dates or the names of any inmates who he believed had excessive force used against them. (Doc. 76-2 at 6–8). He also stated that, other than the July 2023 incident at the basis of this litigation, he has never personally had other incidences where he believed excessive force was used against him in the Metro County Jail. (Doc. 76-2 at 7–8).

Simply stated, there is no evidence before the Court that shows a history of widespread use of excessive force or that is "obvious, flagrant, rampant and of continued duration." See Dekalb Cnty., 749 F.3d at 1048. (See Doc. 53 at 26); compare Marbury v. Warden, 936 F.3d 1227, 1234–35 (11th Cir. 2019) (establishing a constitutional violation for generalized risk of violence at a prison requires showing "serious inmate-on-inmate violence was the norm or something close to it[,]" evidenced by "pervasive staffing and logistical issues rendering prison officials unable to address near-constant violence, tensions between different subsets of a prison population, and unique risks posed by individual prisoners or groups of prisoners due to characteristics like mental illness"), with Harrison v. Culliver, 746 F.3d 1288, 1299-1300 (11th Cir. 2014) ("[O]ccasional, isolated attacks by one prisoner on another" does not rise the actionable level of a constant threat of violence.).

Neither has Carstarphen met his burden of showing Price was on notice of a widespread denial of medical care, or a custom or policy that resulted in deliberate indifference to the provision of medical care. See Dekalb Cnty., 749 F.3d at 1048. This Court has already determined that at all relevant times, Carstarphen failed to demonstrate that he had an objectively serious medical need (which is required to succeed in a claim for denial of medical care). (See Doc. 53 at 15–28). Further, Carstarphen has not presented any evidence that Price was on notice of Carstarpen's alleged medical need, nor presented any evidence supporting a causal connection between Price's action or inaction and the alleged denial of medical care.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that no genuine issue of material fact exists, and Price is entitled to summary judgment. Accordingly, Noah Price's motion for summary judgment is **GRANTED.**

**DONE** this 20th day of October 2026.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**