**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANDRE M. CARSTARPHEN, JR.** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No. 24-cv-0007-KD-N** |
| | ) | |
| **QUEDARIUS BROWN,** | ) | |
| **DONNELL CARTER,** | ) | |
| **NOAH OLIVER PRICE,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on Defendants Donnell Carter's and Officer Quedarius Brown's motion for summary judgment and exhibits. (Docs. 76, 78). Upon consideration, and for the reasons set forth herein, summary judgment is **GRANTED** in part and **DENIED** in part**.**

## I. Procedural History

Carstarphen, proceeding *pro se*, filed an actionable Complaint (Doc. 15) with the Court, asserting causes of action against Defendants Seargeant Donnell Carter, Officer Quedarius Brown, Warden Noah Price, Dr. Ronald Perdue, and Lieutenant Level Reynolds, pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the Fourteenth Amendment of the United States Constitution. (Doc. 15).

In response to the Complaint, Defendants Price, Brown and Carter filed a Special Report containing affidavits from the officers involved with the excessive force claim, narrative incident reports, a disciplinary report, and an offense report. (Doc. 38). Dr. Perdue filed a special report with a number of healthcare professionals' affidavits and Carstarphen's medical records. (Doc. 41). Perdue, Price, Brown, and Carter filed answers to the complaint. (Docs. 40, 44). The Magistrate Judge converted all Defendants answers and special reports (Docs. 38, 40, 41, 44) into a motion

for summary judgment. (Doc. 49). The Magistrate Judge issued two Reports and Recommendations on the summary judgment motion, recommending the claims against Defendants Perdue and Reynolds be dismissed with prejudice and summary judgment for Defendants Carter, Brown, and Price be denied. (Doc. 53, 55). The Court adopted both Report and Recommendations. (Docs. 54, 56).

The Court then appointed Carstarphen counsel to assist in the subsequent discovery and presentation of evidence. (Doc. 57). At the close of discovery, Defendants Carter, Brown, and Price again moved for summary judgment. (Docs. 76–78). Carstarphen responded to only Carter's and Brown's motion. (Doc. 82). Carter and Brown filed a reply. (Doc. 83). Carter's and Brown's motion is now ripe for consideration.

## I. Standard of Review

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome" of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a genuine dispute of material fact exists. Id.

Defendant, as the party seeking summary judgment, bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark, 929 F.2d at 608 (quoting

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); see also Fed. R. Civ. P. 56(c)(1)(A). If the nonmovant bears the burden of persuasion at trial, the movant may also make a prima facie showing of summary judgment by demonstrating that the nonmovant's evidence is insufficient to establish an essential element of its claim. Grange Mut. Cas. Co. v. Slaughter, 958 F.3d 1050, 1057 (11th Cir. 2020); Fed. R. Civ. P. 56(c)(1)(B).

If the movant meets its burden under Rule 56(c), summary judgment will be granted unless the nonmovant offers some competent evidence that could be presented at trial showing that there is a genuine dispute of material fact. Celotex, 477 U.S. at 324. If the movant met its burden by pointing "to specific portions of the record ... to demonstrate that the nonmoving party cannot meet its burden of proof at trial," the nonmovant must "go beyond the pleadings" to designate specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(e).

When assessing a summary judgment motion, the court's function is not to make "credibility determinations" and "weigh the evidence." Anderson, 477 U.S. at 248. Instead, the court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011). Thus, summary judgment is only proper when a movant shows that no reasonable jury could find for the nonmovant—even when the evidence and inferences are drawn in the nonmovant's favor.

**II. Discussion**

The Magistrate Judge's Report and Recommendation on the initial summary judgment motion (Doc. 53) accurately sets forth the factual allegations pertinent to this litigation, so there is no need to repeat them here. In sum, Carstarphen alleges that, while trying to "rehouse" him, Brown, at the direction of Carter, tased Carstarphen to the point of extreme agony while

Carstarphen was complying with the officers' orders and was handcuffed behind his back. (Doc. 15 at 5). Additionally, he alleges that Brown and Carter did not perform a body chart on him after the incident and he did not receive any medical attention. (Id.). Carter and Brown assert that Carstarphen was not complying, repeatedly disobeyed orders, and refused to leave his cell, which is what necessitated a "minimal" use of force. (See Doc. 78 at 8).

For a disputed fact to cause the denial of summary judgment, it must be material. Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of a case. Ave. CLO Fund, Ltd. V. Bank of Am., N.A., 723 F.3d 1287, 1294 (11th Cir. 2013). To prove excessive force under the Fourteenth Amendment, a pretrial detainee needs to show only that "the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). The Eleventh Circuit has explained that after Kingsley, "if force used against a pretrial detainee is more severe than is necessary to subdue him or otherwise achieve a permissible governmental objective, it constitutes 'punishment' and is therefore unconstitutional. Piazza v. Jefferson Cnty., Ala., 923 F.3d 947, 952 (11th Cir. 2019). Thus, whether Carter and Brown used more force than necessary to subdue Carstarphen is a fact material to this case.

In the original summary judgment order, the Magistrate Judge determined that the Court was presented with conflicting stories about the amount of force that was necessary in the situation. (Doc. 53 at 23–25). On one hand Carstarphen has maintained that he was complying with orders and handcuffed when Carter ordered Brown to tase him. (See Doc. 15 at 5) ("While I pack my things Seargeant Carter he allowed Brown to tase me down with electric shock gloves till I screamed in pain and agony while handcuffed unable to defend myself because handcuffs were to the back.") (cleaned up). Carter and Brown claim that Carstarphen was disobeying direct orders, and they had to use the taser gloves to get him handcuffed. (See Doc. 38-2). The Magistrate Judge

found that the record did not reflect "a case where 'opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, [and] a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." (Doc. 53 at 25) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). Instead, it was a case of "a classic swearing match" between Carstarphen and the officers, "which is the stuff jury trials are made of." (Doc. 53 at 25) (quoting Feliciano v. City of Miami Beach, 707 F.3d 1244, 1253 (11th Cir. 2013).

And yet, despite continued discovery, Carter and Brown have not produced any additional information to clarify the material dispute over the reasonableness of their actions. They have instead provided the Court with fifty pages of deposition excerpts where the officers contradict, not only Carstarphen's account of the incident, but each other's as well:

The officers' testimony contradicts Carstarphen's as to whether Carstarphen was complying with orders. Compare Carstarphen Deposition, Doc. 76-2 at 6, 3–1 ("I didn't know why they [were] tasing me. I was doing exactly what they said."), with Brown Deposition, Doc. 82-3 at 2, 14–16 ("[Carstarphen] refused to pack his belongings. He refused to move, to get cuffed, everything.") and Norville Deposition, Doc. 76-5 at 2, 9–13 ("We started giving him verbal orders . . . He refused. He stopped everything."), and Carter Deposition, Doc. 82-2 at 2, 3–12 ("Gave several verbal commands . . . [Carstarphen] stayed on the bottom bunk and just . . . stated he's not going anywhere.").

Carstarphen's and Brown's testimony contradicts Norville's as to whether Seargeant Carter provided a signal to tase Carstarphen. Compare Norville Deposition, Doc. 76-5 at 5, 2–3 ("Nobody gave an order to tase [Carstarphen]."), with Carstarphen Deposition, Doc. 76-2 at 5, 19–23 ("Seargeant Carter . . . he . . . nodded his head . . . to the officers while we in the room. And Brown

just grabbed me. He just rushed me, grabbed me, and they all went to tasing me."), and Brown Deposition, Doc. 82-3 at 3, 3–10 ("Seargeant Carter gave us the go-ahead on the order to get him in cuffs by any means necessary.. . . He didn't say it to us but he gave us the signal to like . . . like a head nod and like a go-ahead.")

If Carstarphen was complying with orders and was handcuffed, like he alleges, then any force used against him would not have been "necessary to subdue him or otherwise achieve a permissible governmental objective." See Piazza, 923 F.3d at 952. But if he was not complying, like the officers allege, then force may have been necessary. Granting summary judgment would require this Court to make a factual determination that Carstarphen's consistent account of the incident is incorrect and credit the officer's testimony instead. At the summary judgment stage, the "court must draw all reasonable inferences in favor" of Carstarphen, and it is not permitted to "make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citations omitted). Carstarphen's testimony is not "blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law," and thus, his testimony cannot be discredited. See Feliciano, 707 F.3d at 1253.

To succeed on a claim for denial of medical care, a plaintiff must show a "serious medical need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). As determined by the Magistrate Judge in the Report and Recommendation, Carstarphen has at all times relevant, failed to demonstrate a serious medical need. (See Doc. 53 at 15–28). Thus, just as he cannot succeed on a denial of medical care claim against Perdue, Reynolds, or Price, he also cannot succeed against Carter or Brown. Carstarphen has not presented sufficient evidence of a serious medical need such that a factfinder could hold Carter or Brown liable. Accordingly, summary judgment is due to be granted as to the denial of medical care claim against Carter and Brown.

**III. Conclusion**

For the reasons set forth herein, the Court concludes that a genuine issue of material fact exists regarding the need to use force. No genuine issue of fact exists regarding the denial of medical care claim. Accordingly, Seargeant Donnell Carter's and Officer Quedarius Brown's motion for summary judgment is **GRANTED** as to the denial of medical care and **DENIED** as to excessive force**.**

**DONE** this 20th day of October 2026.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**